CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
NOV 0 2 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARY C. DICKERSON, ) | CASE NO. 3:06CV00022 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | By: B. Waugh Crigler |
| of Social Security, ) | U. S. Magistrate Judge |
| ) | |
| Defendant. ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 7, 2003 protectively filed claim for supplemental security income under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, a younger individual[1] with a high

---

[1] A "younger person" is a person under age 50. 20 C.F.R. § 416.963(c).

school education in special education classes and no past relevant work[2], had not engaged in substantial gainful activity since her alleged date of disability onset, April 30, 1972[3]. (R. 16, 20, 22-23.) The Law Judge further found that since plaintiff's alleged date of disability onset she had a "severe combination" of the following impairments: amblyopia, diabetes, obesity and mild mental retardation. (R. 16, 22.) The Law Judge found that, prior to May 23, 2003, plaintiff's impairments, considered singularly or in combination, were not sufficiently severe to meet or equal any listed impairment. (*Id.*) The Law Judge was of the view that although plaintiff's allegations generally were credible, prior to May 23, 2003 she retained the residual functional capacity to perform a limited range of light work.[4] (R. 17, 22-23.) Because plaintiff had no past relevant work, the Law Judge determined that she could not return to her past relevant work. (R. 20, 23.) By application of Medical-Vocational Rule 202.17 to plaintiff's limitations and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that prior to May 23, 2003 plaintiff had the residual functional to work as a maid/housekeeper, hand packer, assembler, and fast food worker and was not disabled, but that commencing on May 23, 2003, and continuing through the date of his decision, plaintiff's mild mental retardation and diabetes rendered her disabled under 20 C.F.R. § 416.925, Appendix I, §12.05C. (R. 16, 22-23.)

---

[2]Plaintiff had no past relevant work because she had only worked in part-time positions for limited periods of time. (R. 20, 23.)

[3]Plaintiff's initial disability onset date was January 1, 2001. (R. 88.). The date was amended to January 1, 1989 and then amended to the presently alleged date, April 30, 1972. (R. 15, 57.)

[4]The Law Judge found that plaintiff could not work under exposure to heights or extreme heat and had no vision in her right eye. The Law Judge further found that plaintiff had specific mental limitations which impacted her ability to function. (R. 17, 22-23.)

2

Plaintiff appealed the Law Judge's decision which partially denied her claim to the Appeals Council. The Council found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 6-8.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

It is undisputed that plaintiff was found to be disabled on and after May 23, 2003. She seeks an award of benefits for the closed period between April 30, 1972 and May 22, 2003.

In her "Combined Motion," plaintiff initially contends that the Law Judge's finding that her visual impairment did not constitute an additional and significant work-related limitation under 12.05C is not supported by substantial evidence. She notes that Charles L. Cook. M.D., the medical expert who testified at the hearing before the Law Judge, testified that her visual impairment would cause problems with depth perception which would make it difficult for her to drive and do "other activities." (Plaintiff's Brief, p. 6.) Plaintiff supports her argument that her visual impairment was severe as far back as April 30, 1972[5], with references to her own statements that her eye problem has "existed in a state of similar severity since her childhood" and that she has had "long-standing eye problems since childhood." (Pl's Brief, p. 9.) In addition, she points to the testimony of Dr. Cook who revealed that plaintiff's recollection that her eye problem had been "bad" as far back as she could remember was consistent with the

---

[5]Although plaintiff has alleged a disability onset date of April 30, 1972, plaintiff's counsel conceded that the oldest medical records before the court date back only to 1997. (R. 228.)

3

medical evidence in the case. (Pl's Brief, p. 9; R. 248.)

In order to establish a disability under §12.05C of the Listings, a claimant must show: (1) a valid IQ score between 60 and 70, and (2) a physical or mental impairment imposing additional and significant work-related limitations on functioning.[6] 20 C.F.R. Pt. 416, Subpt. P, App. 1, § 12.05(C). Here, the Law Judge concluded that medical evidence did not support plaintiff's claim that her visual impairment imposed additional and significant work-related limitations during the closed period. For example, on June 12, 2003, Narinder Arora, M.D. examined plaintiff and determined that her vision was corrected with glasses to 20/50 in both eyes. (R. 146.) At the hearing before the Law Judge, Dr. Cook testified that plaintiff suffered a condition called amblyopia or "lazy eye" which, in 2003, was not a "tremendous problem" and was correctable to "20 over 50." (R. 246.)

In addition to this objective medical evidence, plaintiff's daily activities support the Law Judge's decision. For instance, in her Daily Activities Questionnaire, plaintiff stated that twice a week she reads and works on a "puzzle find," which requires "looking for words." (R. 118.) Plaintiff further revealed that she enjoys reading books, newspapers and magazines. (R. 232.) Finally, plaintiff's aunt confirmed that she reads books with "small print" and does word puzzles. (R. 125.)

Plaintiff asserts that the Law Judge erred in finding that jobs were available in the national economy which she could perform prior to May 23, 2003. Specifically, plaintiff argues that her mental retardation causes additional nonexertional limitations which the Law Judge failed to consider. Plaintiff contends that the Law Judge failed to give weight to the evidence of

---

[6]It appears to be undisputed that plaintiff had a valid IQ score between 60 and 70.

4

F. Daniel McClure, PhD, who opined that plaintiff's "motor speed is clearly sub-par, which severely impairs her ability to perform routine functions in a time-efficient manner." (Pl's Brief, p. 12; R. 266.) According to plaintiff, this evidence was corroborated by Robert L. Muller, PhD, who was in "general agreement with Dr. McClure's two reports." (Pl's Brief, p. 11; R. 255.) In contrast, however, there is evidence contradicting, and thus undermining Dr. McClure's opinion. For instance, Dr. Arora opined that plaintiff's "sensory and motor system is normal." (R. 147.) Also, R.S. Kadian, M.D. a DDS review physician who provided a residual functional capacity assessment, found no limitation on plaintiff's motor skills. (R. 153-159.) Moreover, Eugene C. Corbett, Jr., M.D., made neurological findings which noted that plaintiff was "A&O x 3" (alert and oriented), but which did not note any neurological limitations. (R. 194.) While the undersigned could have come to a different conclusion on the same evidence if the court were charged with making the determination in the first instance, the undersigned is of the view that the Law Judge's resolution of the evidentiary conflicts in this case which ultimately led to his conclusion that jobs existed for the plaintiff prior to May 23, 2003, is supported by substantial evidence.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned

5

not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

Nov 2, 2006
Date