CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 11 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

MARY C. DICKERSON,

Plaintiff,

v.

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

CIVIL ACTION NO. 3:06-CV-00022

OPINION AND ORDER

JUDGE NORMAN K. MOON

On April 13, 2006, Plaintiff brought this action under 42 U.S.C. § 1602 for review of the

Commissioner's denial of her claim for Supplemental Security Income under Title XVI of the

Social Security Act. By standing order of the Court, this case was referred to the Honorable B.

Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a

recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion

on August 16 and September 18, 2006, respectively. The Magistrate filed his Report and

Recommendation ("Report") on November 2, 2006, recommending that this Court enter an Order

affirming the Commissioner's findings and dismissing the case.

On November 15, 2006, Plaintiff filed timely Objections to the Report, which obligated

this court to make a *de novo* determination with respect to those portions of the report to which

objections were made. 28 U.S.C.A. § 636(b)(1). After a thorough examination of Defendant's

objections, the applicable law, and the documented record, this Court adopts the recommendation

of the Magistrate in full and makes only brief additional comments.

Plaintiff objects to the Magistrate's Report on the grounds that it incorrectly evaluated her visual impairments. Although there is some discrepancy in the medical record regarding Plaintiff's vision, the hypothetical question posed to the vocational expert ("VE") included "low vision" in one eye. (R. 259). This is consistent with the ALJ's finding that Plaintiff was essentially blind in one eye. (R. 17). The VE was nonetheless able to identify jobs which existed in significant numbers in the regional and national economy which Plaintiff could perform. This conclusion is also consistent with a finding by the ALJ that Plaintiff did not qualify under Listing 12.05, since those who suffer listing-level impairments are generally presumed to be disabled from all work.

Plaintiff also objects to the rejection by the ALJ and Magistrate of Dr. McClure's description of Plaintiff's motor speed as "sub-par." (R. 186). Dr. McClure is a Ph.D. psychologist whose examination was concerned with Plaintiff's cognitive abilities. (R. 185-87). There is no evidence that he performed any physical tests on Plaintiff at all. Plaintiff's counsel clearly understands the importance of this fact, as he uses capital letters to emphasize the failure of Dr. Corbett, another examining physician, to perform physical tests. Because he was only performing a psychological consultation, Dr. McClure's conclusions about Plaintiff's motor abilities are entitled to essentially no weight. The same is true of Dr. Muller, whom Plaintiff cites as confirming Dr. McClure's opinion of Plaintiff's motor skills. Dr. Muller is also a psychologist, and he explicitly acknowledged that his opinions are confined to his area of expertise. (R. 249). Dr. Muller's opinion of the Plaintiff's physical, as opposed to cognitive, capabilities is entitled to even less weight than Dr. McClure, which is to say none at all. No qualified physician has opined that Plaintiff's motor skills are a limitation on her ability to work.

Regardless of how this Court might interpret the evidence of record on *de novo* review, it is bound to uphold the Commissioner if her findings are supported by substantial evidence. They are in this case. Accordingly, this Court ADOPTS the Report of the Magistrate in full. Plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED. This case is DISMISSED from the docket of this Court.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____
U.S. District Court Judge

DATE: _December 11, 2006_