CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 23 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARY C. DICKERSON,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:06-CV-00022<br><br>OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's December 21, 2006 Motion to Reconsider. Plaintiff requests reversal of two aspects of this Courts December 11, 2006 Opinion and Order denying Social Security benefits and dismissing the action. First, Plaintiff alleges that the Court misunderstood the etiology of her motor speed impairment, and second, that the Court applied the incorrect legal standard with regard to Listing 12.05C.

Plaintiffs' first objection is irrelevant. The Court did not attempt to opine on the etiology of Plaintiff's alleged motor speed impairment. Rather, it found that there was inadequate evidence supporting the *existence* of such an impairment. If an impairment does not exist, then its putative cause does not matter. The only supporting evidence in the record is what amounts to an offhand remark by a Ph.D. who was not tasked with assessing motor function. The only objective testing this psychologist performed was administering an intelligence test. The test itself had many parts, none of which was "motor speed." (R. 186). The fact that another

psychologist later confirmed. and the ALJ accepted, Dr. McClure's findings as to Plaintiff's intelligence does not provide any further evidence that her motor speed is so impaired as to bar her from all remunerative work. It is most logical to believe that these later reviewers of the record were concerned with the testing Dr. McClure was actually expected to perform rather than with every casual observation he chanced to make.

By contrast, Plaintiff's objection to the Court's conclusions regarding Listing 12.05C is well taken, and the Court is persuaded that the Opinion and Order of December 11, 2006 was erroneous in its denial of benefits. Listing 12.05C mandates a finding of disability if a claimant can show both 1) and IQ in the range from 60 to 70, and 2) another significant work related impairment. There was never any dispute that Plaintiff met the first prong of this test. Where the Report and this Court erred was in failing to find that Plaintiff's poor vision in one eye was a "significant" limitation on work. The ALJ found that Plaintiff had "no vision" in one eye. (R. 17) A medical expert testified that this would impair her depth perception. (R. 19) The medical expert did not think this was a "tremendous problem," and said that it did not by itself rise to a listing-level impairment (R. 246) On the other hand, the vocational expert said that a lack of depth perception would eliminate half of the jobs that Plaintiff might otherwise hold (R. 262-64). Plaintiff is correct to argue that elimination of half the possible jobs is more than a "slight or minimal" work-related impairment. *See Pullen v Bowen*, 820 F.2d 105, 109 (4th Cir. 1987). Thus, Plaintiff meets the criteria of Listing 12.05C and is disabled.

It is not clear what effect this opinion will have on Plaintiff's benefits. The ALJ found Plaintiff disabled from a combination of mild mental retardation and diabetes as of May 23, 2003. Because the Plaintiff's filing date is April 7, 2003, and the SSI time limit does not allow for the payment of back benefits, there may be no practical effect at all to this ruling. *See* 20

C.F.R. § 416.335 (time limits for filing). However, that is a question for the Commissioner.

The Motion for Reconsideration is GRANTED. This Court's Order of December 11, 2006 is VACATED. The Report is DECLINED. Plaintiff's August 16, 2006 Motion for Summary Judgment is GRANTED. Defendant's September 18, 2006 Motion for Summary Judgment is DENIED.

This case shall be REMANDED to the Commissioner for calculation of benefits, if any.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____
U.S. District Court Judge

DATE: 5-23-07